IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

FIDEL REYES AGUILAR,

ALEJANDRO CHILLIAN
ESPINOSA,

      and

MARCO PENA,

individually and on behalf
of all others similarly situated,

      Plaintiffs,

      v.                        Case No. 14-cv-797

KASP REALTY, LLC              JURY TRIAL DEMANDED
d/b/a Finn McGuire's
Irish Pub & Grille

      and

KOSTA PETROPOULOS,

      Defendants.

## COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiffs Fidel Reyes Aguilar, Alejandro Chillian Espinosa, and Marco Pena individually and on behalf of the members of the proposed class identified below. Plaintiffs and the putative class members are or were, employed as Cooks and

Expediters by Defendants Kasp Realty, LLC d/b/a Finn McGuire's Irish Pub & Grille and Kosta Petropoulos. It is the uniform policy and practice of Kasp Realty, LLC d/b/a Finn McGuire's Irish Pub & Grille and Kosta Petropoulos to deny its Cooks and Expediters payment of overtime premium wages at one and one-half times the regular rate for hours in which its Cooks and Expediters are suffered or permitted to work in excess of forty hours per workweek..

2. Kasp Realty, LLC d/b/a Finn McGuire's Irish Pub & Grille operates Finn McGuire's Irish Pub & Grille in Hales Corners, Wisconsin. Mr. Kosta Petropoulos is the owner of Kasp Realty, LLC d/b/a Finn McGuire's Irish Pub & Grille.

3. Plaintiffs Aguilar, Espinosa, and Pena brings this action, individually and on behalf of other similarly situated current and former Cooks and Expediters as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiffs also brings this action on their own behalves for the purpose of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

2

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the District and Defendants Kasp Realty, LLC d/b/a Finn McGuire's Irish Pub & Grille and Kosta Petropoulos have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Kasp Realty, LLC d/b/a Finn McGuire's Irish Pub & Grille ("Kasp Realty") is a Wisconsin Limited Liability Company with a principal place of business in Franklin, Wisconsin. Kasp Realty's registered agent for service of process in the State of Wisconsin is Kosta Petropoulos. Kasp Realty's principal place of business is located in Franklin, Wisconsin.

8. Defendant Kasp Realty operates Finn McGuire's Irish Pub & Grille, located at 5171 S. 108th Street, Hales Corners, Wisconsin 53130.

3

9. Defendant Kosta Petropoulos ("Petropoulos") is an adult resident of the State of Wisconsin and resides at 2445 West Briar Lake Way Apartment 3B, Oak Creek, Wisconsin, 53154.

10. On information and belief, Defendant Petropoulos is the owner of Kasp Realty, oversees the day-to-day operations, and has control over the compensation and human resources aspects of Kasp Realty.

11. Defendants Kasp Realty and Petropoulos are joint employers and will be collectively referred to as "Finn McGuire's" hereinafter.

12. Plaintiff Fidel Reyes Aguilar ("Aguilar") is an adult resident of Milwaukee County in the State of Wisconsin. Aguilar is a former employee of Finn McGuire's who worked as a Cook during the time period prescribed by the applicable statute of limitations. Aguilar's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint.

13. Plaintiff Alejandro Chillian Espinosa ("Espinoza") is an adult resident of Milwaukee County in the State of Wisconsin. Espinoza is a current employee of Finn McGuire's who has worked as an Expediter and Cook during the time period prescribed by the applicable statute of limitations. Espinoza's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B and is made a part of this Complaint.

14. Plaintiff Marco Pena ("Pena") is an adult resident of Milwaukee County in the State of Wisconsin. Pena is a former employee of Finn McGuire's who

4

worked as a Cook during the time period prescribed by the applicable statute of limitations. Pena's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit C and is made a part of this Complaint.

15. Plaintiffs Aguilar, Espinosa, and Pena brings this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Overtime Collective Class** is defined as follows:

> All persons who are or have been employed by Finn McGuire's as a Cook and/or Expediter and who were not paid at a rate of one and one-half times their regular rate of pay for hours worked over forty hours in any given workweek within the three years prior to this action's filing date.

## GENERAL ALLEGATIONS

16. Aguilar, Espinosa, Pena, and the members of the Overtime Collective Class work, or have worked, for Finn McGuire's as Cooks and/or Expediters since July 8, 2011.

17. Since July 8, 2011, Finn McGuire's has established and continues to establish the weekly schedule for Aguilar, Espinosa, Pena, and the Overtime Collective Class, including requiring cooks and expediters to work more than 40 hours in a workweek.

18. Finn McGuire's has suffered or permitted Aguilar, Espinosa, Pena, and the Overtime Collective Class to regularly perform work in excess of forty (40) hours in a week in various workweeks since July 8, 2011.

19. Since July 8, 2011, Finn McGuire's policy is to compensate its Cooks and Expediters at a flat weekly rate for all hours worked in a workweek, including hours worked in excess of forty hours in a workweek.

20. Finn McGuire's does not compensate its Cooks and Expediters at a rate of one and one-half times the class members' regular rate of pay for hours worked in excess of forty (40) hours within any given workweek.

21. As a result of Finn McGuire's policy to pay its Cooks and Expediters a flat weekly rate regardless of the number of hours of work performed, Finn McGuire's Cooks and Expediters were not paid overtime compensation at various times since July 8, 2011.

22. Finn McGuire's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Aguilar, Espinosa, Pena, and the Overtime Collective Class.

23. On information and belief, Petropoulos is involved in the management, supervision, and oversight of Kasp Realty; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decisions, and policy making; is involved in Kasp Realty's day-to-day functions; has a role in determining the Cooks and Expediter's rate and method of compensation; and has control over the hours of work performed at Kasp Realty.

24. On information and belief, Petropoulos specifically was involved in the decisions to implement certain policies that resulted in Kasp Realty's failure to pay its Cooks and Expeditors overtime compensation, and as alleged herein.

6

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

25. Aguilar, Espinosa, Pena, and the Overtime Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Finn McGuire's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them at a rate of one and one-half times each Cook and/or Expediter's regular rate for hours suffered or permitted to be worked in excess of forty hours in a workweek. The claims of Aguilar, Espinosa, and Pena stated herein are the same as those of the Overtime Collective Class.

26. Aguilar, Espinosa, Pena, and the Collective Overtime Collective Class seek relief on a collective basis challenging, among other FLSA violations, Finn McGuire's practice of failing to pay employees overtime compensation for hours worked over 40 in a workweek.

27. The Overtime Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Finn McGuire's. Notice can be provided to the Collective Class via first class mail to the last address known to Finn McGuire's and through posting at Finn McGuire's facility in areas where postings are normally made.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended
(as to Plaintiffs Aguilar, Espinoza, Pena, and those similarly situated)

7

Case 2:14-cv-00797-JPS   Filed 07/08/14   Page 7 of 15   Document 1

28. Aguilar, Espinosa, and Pena individually and on behalf of the Overtime Collective Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

29. Since July 8, 2011, Aguilar, Espinoza, Pena, and the Overtime Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

30. Kasp Realty is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

31. At times since July 8, 2011, Finn McGuire's was an employer of Aguilar, Espinosa, Pena, and the Overtime Collective Class as provided under the FLSA.

32. In the three years prior to July 8, 2014, Petropoulos was an employer of Aguilar, Espinosa, Pena, and the Overtime Collective Class as provided under the FLSA.

33. Finn McGuire's violated the FLSA by failing to account for and compensate Aguilar, Espinosa, Pena, and the Collective Overtime Collective Class at an overtime rate of compensation for each hour that each class member worked over forty in each workweek.

34. Aguilar, Espinosa, Pena, and the Collective Overtime Collective Class are entitled to damages equal to mandated overtime premium pay within the three years prior to the filing of this Complaint, plus periods of equitable tolling because

Finn McGuire's acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

35. Finn McGuire's failure to properly compensate Aguilar, Espinosa, Pena, and the Overtime Collective Class was willfully perpetrated, and Aguilar, Espinosa, Pena, and the Overtime Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

36. Alternatively, should the Court find that Finn McGuire's did not act willfully in failing to pay minimum and overtime premium wages, Aguilar, Espinosa, Pena, and the Overtime Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Wages and Overtime
### (as to Plaintiffs Aguilar, Espinoza, and Pena)

37. Aguilar, Espinosa, and Pena re-allege and incorporate by reference all preceding paragraphs as restated herein.

38. Since July 8, 2012, Aguilar, Espinosa, and Pena were employees of Finn McGuire's within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01 *et seq.* as well as Wis. Admin. Code §§ DWD 272.01 and 274.01 *et seq.*

9

39. Since July 8, 2012, Kasp Realty has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

40. Since July 8, 2012, Kasp Realty has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

41. Since July 8, 2012, Kasp Realty has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

42. Since July 8, 2012, Kasp Realty has been an employer within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

43. Since July 8, 2012, Kasp Realty has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

44. Since July 8, 2012, Petropoulos has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

45. Since July 8, 2012, Petropoulos has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

46. Since July 8, 2012, Petropoulos has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

47. Since July 8, 2012, Petropoulos has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

48. Since July 8, 2012, Petropoulos has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

49. Since July 8, 2012, Kasp Realty has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Stat. §§ 109.01 *et seq.*

50. Since July 8, 2012, Kasp Realty has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Stat. §§ 103.01 *et seq.*

51. Since July 8, 2012, Kasp Realty has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Stat. §§ 104.01 *et seq.*

52. Since July 8, 2012, Kasp Realty has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

53. Since July 8, 2012, Kasp Realty has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

54. Since July 8, 2012, Petropoulos has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Stat. §§ 109.01 *et seq.*

55. Since July 8, 2012, Petropoulos has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Stat. §§ 103.01 *et seq.*

56. Since July 8, 2012, Petropoulos has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Stat. §§ 104.01 *et seq.*

57. Since July 8, 2012, Petropoulos has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

58. Since July 8, 2012, Petropoulos has employed, and/or continues to employ Aguilar, Espinosa, and Pena within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

59. Since July 8, 2012, Finn McGuire's regularly suffered or permitted Plaintiffs Aguilar, Espinosa, and Pena to perform work in excess of forty hours in a workweek without compensating Aguilar, Espinosa, and Pena at a rate of one and one-half times their regular rates for such hours worked.

60. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

61. Wis. Admin. Code § DWD 274.03 requires employers to pay each employee time and one-half the regular rate of pay for all hours worked in excess of forty hours per week.

62. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

63. As set forth above, Aguilar, Espinosa, and Pena have sustained losses in their compensation as a proximate result of Finn McGuire's violations.

12

Accordingly, Aguilar, Espinosa, and Pena seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Finn McGuire's to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.011, Aguilar, Espinosa, and Pena may be entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

64. Aguilar, Espinosa, and Pena, individually and on behalf of the Wisconsin Overtime Collective Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Finn McGuire's, pursuant to Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Aguilar, Espinosa, and Pena, individually and on behalf of all members of the Overtime Collective Class, requests the following relief:

> a) An order designating this action as a collective action on behalf of the Overtime Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;
>
> b) An order designating Fidel Reyes Aguilar, Alejandro Chillian Espinosa, and Marco Pena as the Named Plaintiffs and as representatives of the Overtime Collective Class and an incentive award commensurate to their efforts in bringing this action;
>
> c) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
>
> d) Issuance of an Order, pursuant the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Finn McGuire's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;
>
> e) An order finding that Finn McGuire's violated the FLSA and Wisconsin wage and hour laws;

f) An order finding that Finn McGuire's violations of the FLSA and Wisconsin law were willful;

g) Judgment against Finn McGuire's in the amount equal to the Plaintiffs' and the Overtime Collective Class' unpaid wages at the applicable minimum wage and/or overtime rates;

h) An award in the amount of all liquidated damages and penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs Aguilar, Espinosa, and Pena, hereby request a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 8th day of July, 2014.

    Respectfully submitted,

    /s/ Summer H. Murshid
    Larry A. Johnson
    State Bar No. 1056619
    Summer Murshid
    State Bar No. 1075404
    Timothy P. Maynard
    State Bar No. 1080953
    Attorneys for the Plaintiff

    **Hawks Quindel, S.C.**
    222 East Erie Street
    Suite 210
    P.O. Box 442
    Milwaukee, WI 53201-0442
    Telephone: 414-271-8650
    Fax: 414-271-8442
    Email(s): ljohnson@hq-law.com
                    smurshid@hq-law.com

tmaynard@hq-law.com